UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

**Guangming Liu & Jianghua Ma**
897 Marrows Road, APT G-6                                    **Case No** 0 6 - 5 8 9
Newark, DE 19713
(302) 266-0453

Plaintiffs,

v.

**Michael Chertoff**, Secretary of the
Department of Homeland Security;
**Emilio Gonzalez**, Director of U. S. Citizenship
and Immigration Services;
**Paul Novak**, Director of Vermont Service Center,
U. S. Citizenship and Immigration Services;
**Robert S. Muller**, Director of Federal
Bureau of Investigation;
**Alberto Gonzales**, Attorney General of the
U. S. Department of Justice;
**Colm F. Connolly**, United States Attorney
for the District of Delaware;

Defendants.

## COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND

## DECLARATORY JUDGEMENT

NOW come the Plaintiffs, Guangming Liu and Jianghua Ma, by and through Pro

Se, in the above captioned matter, and hereby state and allege the following:

1.    This action is brought against the Defendants to compel action on the

clearly delayed processing of employment-based Adjustment Of Status (AOS) I-485

Applications filed by the Plaintiffs, Guangming Liu and Jianghua Ma. The applications

were filed with Vermont Service Center of the United States Citizenship and Immigration

Services (USCIS) since December 2, 2004 and remained within the jurisdiction of the

Defendants, who have improperly handled and delayed processing the application to

Plaintiffs' detriment. This action is a petition for a statutory relief pursuant to law

including US Constitution, Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act

(28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. § 551 et seq.)

### PARTIES

2.      Plaintiffs, Guangming Liu (Alien # 098-686-644) and his wife Jianghua

Ma (Alien # 098-686-643) reside at 897 Marrows Road, APT G-6, DE 19713, are

citizens of People's Republic of China.  Guangming Liu is the primary applicant of I-485,

Application to Register Permanent Resident or Adjustment of Status, filed with the U.S.

Citizenship & Immigration Services (USCIS) on December 2, 2004. His wife, Jianghua

Ma, is a derivative beneficiary of his I-485 application.  Dr. Guangming Liu is currently a

post-doctoral researcher by profession working for University of Delaware located in

Newark, DE since March of 2006. Plaintiff Guangming Liu originally entered the United

States as a post-doctoral researcher on an H-1B professional visa in December 2002 at

the University of California Riverside. From March of 2004 to February of 2006, Dr.

Guangming Liu worked as a post-doctoral research associate for the Pennsylvania State

University, State College Pennsylvania. On October 28, 2004, Dr. Guangming Liu filed

an immigrant visa petition under the category of National Interest Waiver, which was

approved on March 08, 2005. On December 02, 2004, Dr. Guangming Liu and his wife

Jianghua Ma filed their applications for Adjustment Of Status (AOS) to become

permanent residents of the United States with the Vermont Service Center of USCIS. These applications are still pending.

3.      Defendant Michael Chertoff is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. 8 USC § 1103(a). More specifically, the Secretary of the Department of Homeland Security is responsible for the adjudication of applications for nonimmigrant visas filed pursuant to the Immigration and Nationality Act (INA). The U.S. Citizenship & Immigration Services is an agency within the Department of Homeland Security to whom the Secretary of the Department of Homeland Security's authority has in part been delegated, and is subject to the Secretary of the Department of Homeland Security's supervision.

4.      Defendant Emilio Gonzalez is the Director of the U. S. Citizenship and Immigration Services (USCIS) and an official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii)(B).

5.      Defendant Paul Novak is the Director of the Vermont Service Center of USCIS of the DHS. In his capacity as the Director of the Vermont Service Center, USCIS, Mr. Novak is responsible for the administration of immigration benefits and services including the processing of employment-based immigration petitions. As such, he has decision-making authority over the matters alleged in this Complaint.

6.    Defendant Robert S. Mueller, III, Director of Federal Bureau of Investigation (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of State. As will be shown, Defendant has failed to complete the security clearance of Plaintiffs' case.

7.    Defendant Alberto Gonzales is the Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.

8.    Defendant Colm F. Connolly, has served as United States Attorney for the District of Delaware. Pursant to Title 28, Section 507 of the United States Code, he is charged with the prosecution and defense of civil cases in which the United States is a party within the judicial district of Delaware.

## JURISDICTION

9.    This Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 (Federal question statute) since this is a civil action arising under the Constitution and the laws of the United states, including the Fifth Amendment to the U.S. Constitution, provisions of Title 8 U.S.C. § 1101 et seq. (Immigration and Nationality Act, INA) and applicable regulations, policies and procedures arising thereunder. This Court may grant relief in this action under 28 U.S.C. § 1361 (Mandamus Act); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2201 (Declaratory Judgment Act); and under 5 U.S.C. § 701 et seq. (Administrative Procedures Act).

10.    There are no administrative remedies available to Plaintiffs to redress the grievances described herein. This action challenges only the Defendants' timeliness in

4

adjudication of AOS petition, not the granting or denial of petition, therefore the jurisdictional limitations of 8 U.S.C. § 1252 do not apply.

## VENUE

11.    Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(e), because Defendants operate within this district and plaintiffs reside in this district.

## EXHAUSTION OF REMEDIES

12.    The Plaintiffs have exhausted their administrative remedies. The Plaintiffs have supplied the USCIS documents that clearly established their eligibility to Register Permanent Resident or Adjust Of Status.

## STATEMENT OF FACTS

13.    Plaintiffs, Dr. Guangming Liu and his wife Jianghua Ma, properly filed I-485 applications (AOS) to become permanent residents of the United States with Vermont Service Center of USCIS on December 02, 2004, pursuant to Section 245 of the Immigration & Naturalization Act. Case number is EAC0504652275 and EAC0504652282 respectively. Attached hereto as **Exhibit A** in acknowledgement documents by the USCIS.

14.    Plaintiffs are eligible to receive immigrant visas and are admissible to the United States for permanent residence.

15.    Plaintiffs' employment-based AOS applications was filed along with I-140 immigrant petition for alien worker under INA § 203(b)(2)(B) the second preference employment-based category (EB-2)– members of profession with advanced degree or exceptional ability in the National Interest which was approved on March 08, 2005. Approval notice is provided in **Exhibit B**.

16.    Following the submission of AOS application, Plaintiffs were requested to provide and actually provided fingerprints for security checks on April 08, 2005. Plaintiffs have already got totally three EAD (Employment Authorization Document) cards which were granted by USCIS.

17.    USCIS publishes processing dates every month online at: https://egov.immigration.gov/cris/jsps/Processtimes.jsp?SeviceCenter=Vermont. Vermont Service Center is currently processing AOS applications (form I-485) filed on June 21, 2005 while Plaintiffs submitted their application on December 02, 2004, *7 months earlier* than current published processing time. Attached hereto as **Exhibit C**.

18.    Immigrant visas were available to the Plaintiffs since July 2006.

19.    Immigrant visas are immediately available to the Plaintiffs at the time of filing this Complaint. Attached hereto as **Exhibit D**.

20.    Concerned about their applications, on February 13, 2006, *438 days after submitting all required documents to USCIS*, Plaintiffs contacted FBI by email regarding their Name Checks (**Exhibit E**). There was no reply to this inquiry.

21.    On March 1st, 2006, Plaintiffs called USCIS VSC concerning their petition status. On April 8, 2006, Plaintiffs received a mail response from USCIS. USCIS replied: "*The processing of your petition/application has been delayed. All petitions/applications received by this Service are required to have routine security checks that are resulting in delays of the adjudication of petitions/applications.*" (**Exhibit F**).

22.    On July 24, 2006, Plaintiffs contacted Congressman Michael N. Castle and the Congressman received reply from the Department of Homeland Security that the security checks for Plaintiffs are still pending. (**Exhibit G**).

23.    Further to clarify security checks issue, Plaintiffs sought help of their Senator Thomas R. Carper to make an inquiry with FBI and CIS. His reply dated August 8th, 2006, stated " ...*the agency cannot finalize your case until FBI clearance has been completed. Unfortunately, a timeframe for completion of this process is unavailable* ... " (**Exhibit H**).

24.    On July 21 and September 18, 2006, Plaintiffs made further efforts to get status of their applications and contacted Senator Joseph R. Biden, Jr. His staff Nicole called plaintiffs on July 25 and September 20, respectively, stated that " ... *the name check / date of birth for both you and your wife are still pending clearance with the Federal Bureau of Investigation (FBI).*"

25.    Dr. Guangming Liu and his wife Jianghua Ma have always complied with immigration and civil laws, have never been arrested or convicted of a crime and have never presented a security risk to the United States. Dr. Guangming Liu and his wife Jianghua Ma have been lawfully present in the United States since December 2002.

26.    Concerned about the status of his security checks, Plaintiffs made an official Freedom of Information–Privacy Acts (FOIPA) request with the Federal Bureau of Investigations of the U. S. Department of Justice. FBI reply dated August 14, 2006 and September 12, 2006, respectively, stated that FBI has no records pertaining to Dr. Guangming Liu and his wife Jianghua Ma: "*A search of the automated indices to the central records system files at FBI Headquarters located no records responsive to your FOIPA request.*" (**Exhibit I**).

27.    As of September 21, 2006, *658 days (1 years 10 months) after submitting all documents to USCIS*, no resolution on Dr. Guangming Liu and his wife Jianghua Ma's

applications have been reached so they are filing present Complaint with the Delaware

District Court. This action challenges only the Defendants' timeliness in adjudication of

Plaintiffs' applications, not the granting or denial of the applications.

28.    Defendants have sufficient information to determine Plaintiffs' eligibility

pursuant to applicable requirements and complete the processing procedures.

29.    Section 202 (8 U.S.C. § 1571) of the Title II of the American

Competitiveness in Twenty-first Century Act of 2000 (AC21) clearly lays down the

parameters of reasonableness in immigration adjudication, stating: "...It is the sense of

Congress that the processing of an immigration benefit application should be completed

not later than **180 days** after the initial filing of the application."

30.    Defendants are also required by 5 U.S.C. § 551 "within a reasonable time

... to conclude a matter presented... ."

31.    Other District Courts have concluded in similar cases that Plaintiffs have a

clear right to have their applications for lawful permanent residency status adjudicated

within a reasonable period of time. (*Yu v. Brown*, 36F. Supp. 2d 922, 925 (D.N.M. 1999);

*Agbemaple v. INS*, No. 97 C 8457, 1988 WL 292441 (N.D. Ill. May 18, 1988)). For

instance, in *Yu*, where Plaintiff sought a writ of mandamus to force INS to act on her

application for lawful permanent residence two and one half years after she applied, the

court concluded that Yu's petition properly stated a claim for mandamus. Also in

*Elkhatib v. Bulger*, No. 04-22407-CIV-SEITZ/MCALILEY (S.D.F.2004) court found

that Defendants have a non-discretionary duty to process Plaintiff's application within a

reasonable period of time.

## <u>INJURY TO PLAINTIFFS</u>

32.     The Plaintiffs' applications to become permanent resident of the United States are pending before USCIS for *over 658 days*. The Plaintiffs have been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

33.     Plaintiffs are waiting and will continue to wait for a significant amount of time for a decision on their AOS applications. Their status in the United States has been and will continue to be uncertain. Plaintiffs could not plan ahead because they have not known and do not know when they become permanent residents.

34.     Plaintiffs have lost a significant work time while pursuing their adjustment of status applications, making inquiries with USCIS, meeting with lawyers, applying for yearly work authorization renewals, reporting for fingerprinting, and otherwise pursuing their delayed permanent residency.

35.     Plaintiffs have to obtain yearly work authorization permits while their AOS applications are pending. This results in significant out-of-pocket expenses (H1B and H4 visa extension application fee is $190 and $200, respectively and Plaintiffs need to renew them each year; EAD renewal cost is $180/year and Plaintiffs have already applied for three of them), including attorneys' fees, inconvenience, and loss of wages.

36.     Some universities and colleges consider a person without a permanent residency to be an out-of-state resident and hence charge him or her out-of-state tuition. Due to that Dr. Guangming Liu's wife Jianghua Ma could not proceed with her educational plans.

37.     Due to delays in adjudication of Plaintiffs' permanent residency application, Plaintiffs' naturalization (to become a U.S. Citizen) has been delayed. Therefore Defendants' unreasonable delay in adjudicating AOS application deprived

Plaintiffs for longer time of citizenship benefits like a right to vote and fully participate in our democracy; receive a United States passport; travel freely into and out of the United States; hold a job that is restricted to United States citizens; run for public office. Also Plaintiffs have been and will continue to be unable to petition for their family members to immigrate to the United States as immediate relatives.

38.    Plaintiffs rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and are being violated and will continue to be violated by Defendants' failures as described herein.

## GROUNDS FOR RELIEF

39.    Defendants, despite having a duty to act within reasonable time, have failed to process and adjudicate Plaintiffs' application for permanent residency in a timely manner.

40.    Defendant USCIS' duty to process and adjudicate Plaintiffs' applications "within a reasonable time" (it is already beyond *658 days*) is a non-discretionary duty mandated by federal and judicial precedent, which is significantly out of the currently published processing date of June 2005.

41.    Defendant USCIS' conduct in failing to process Plaintiffs' application and adjudicate their case in a reasonably timely manner have caused unnecessary and injurious delays to Plaintiffs, in violation of their rights.

42.    Defendants' delay in the case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully and unreasonably, have refused to adjudicate the petition, thereby depriving them of the rights to which the Plaintiffs are entitled.

43.    The Defendants, in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., are unlawfully withholding action on the Plaintiffs' applications and have failed to carry out the adjudicative functions delegated to them by law with regards to the Plaintiffs' case.

44.    Though the role of Defendants is pivotal in securing the civilians of the United States of America from people planning to do harm on American soil, the Defendants actions in adjudicating the Plaintiffs' case have clearly gone beyond the expected processing time and have failed to adhere to their own regulations.

45.    Plaintiffs have exhausted all administrative remedies available and have determined that no adequate remedy exists. Accordingly, the Plaintiffs have been forced to pursue the instant action.

### Count I.
### Mandamus Action
### 28 U.S.C. § 1651

46.    Plaintiffs incorporate all allegations made hereinabove that are pertinent to this Court. Defendants are charged with the mandatory responsibility of administering and implementing the Immigration and Nationality Act. Defendants bear sole responsibility for timely adjudication of AOS application and for orderly attendant procedures.

47.    Defendants have failed to discharge their mandated duties.

48.    As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

**49.**    Plaintiffs have exhausted all possible administrative remedies and there exists no other adequate remedy.

### Count II.
### Administrative Procedures Act
### 5 U.S.C. § 555 and 5 U.S.C. § 702 et seq.

50.   Plaintiffs incorporate all allegations made hereinabove that are pertinent to this Court.

51.   By failing to render timely decision on Plaintiffs' application, Defendants have violated the Administrative Procedures Act and this constitutes agency action that is arbitrary and capricious, and not in accordance with law. **5** U.S.C. § 701 et seq., 702, 706 ("agency action unlawfully withheld or unreasonably delayed" under § 706(1)) and 5 U.S.C. § 555.

52.   Defendants have failed to discharge their mandated official duties.

53.   As a result, Plaintiffs have suffered and continues to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

### Count III.
### Declaratory Judgment Act
### 28 U.S.C. § 2201

54.   Plaintiffs incorporate all allegations made hereinabove that are pertinent to this Court.

**55.**   Plaintiffs contend that Defendants' actions and decisions relating to delays in AOS adjudication and attendant procedures are unconstitutional, violate the INA, and are arbitrary and capricious and seek a declaration to that effect under 28 U.S.C. § 2201.

56.   Defendants have failed to discharge their mandated official duties.

**57.**   As a result, Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory, injunctive and other relief.

### Count IV.
### Equal Access to Justice Act

**5 U.S.C. § 504 and 28 U.S.C. § 2412**

58.    Plaintiffs incorporate all allegations made hereinabove that are pertinent to this Court.

59.    If prevails, Plaintiffs will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, the Plaintiffs respectfully pray that upon due consideration, the honorable Court grant the following relief:

i.    Assume jurisdiction over this cause;

ii.    Declare that the Defendants' failure to act is illegal, arbitrary, capricious and abuse of discretion;

iii.    Compel Defendants and those acting under them to perform their duty to provide the plaintiffs with a Notice of Approval;

iv.    Grant Plaintiffs attorney's fees and costs of court;

v.    Grant such other and further relief as this Court deems just and appropriate.

13

Dated: September 21, 2006

RESPECTFULLY SUBMITTED,

Guangming Liu, Jianghua Ma
Plaintiffs, <u>Pro Se</u>

897 Marrows Road, Apt. G-6
Newark, DE 19713
Phone: 302-831-2124 (office)
       302-266-0453 (home)
Fax: 302-831-4545
E-mail: gmliu@udel.edu

## EXHIBITS

EXHIBIT A          Receipts for I-485 applications issued by USCIS

EXHIBIT B          USCIS Approval notice of I-140 for an immigrant visa petition

EXHIBIT C          USCIS Vermont Service Center Processing dates posted on
                   September 19, 2006

EXHIBIT D          Visa Bulletin for September 2006 from U.S. Department of State

EXHIBIT E          Email sent to FBI regarding name check inquires

EXHIBIT F          Response of USCIS Letter regarding case status inquiries

EXHIBIT G          Letters from Congressman Michael N. Castle regarding case status

EXHIBIT H          Correspondence with Senator Thomas R. Carper regarding pending
                   security checks

EXHIBIT I          Response of Mr. David Hardy, FBI to FOIPA request

**EXHIBIT A**

**Receipts for I-485 applications issued by USCIS**

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE I485  APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|---|
| EAC-05-046-52275 | | |
| RECEIVED DATE | PRIORITY DATE | APPLICANT  A98 686 644 |
| December 2, 2004 | | LIU, GUANGMING |
| NOTICE DATE | PAGE | |
| December 7, 2004 | 1 of 1 | |

CONRAD YIN
LAW OFFICES OF CONRAD X YIN
18000 STUDEBAKER ROAD SUITE 700
CERRITOS CA 90703

**Notice Type:**  Receipt Notice

Amount received: $ 385.00
Section: Adjustment as direct
        beneficiary of immigrant
        petition

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at **uscis.gov**.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-05-046-52282 | CASE TYPE I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|
| RECEIVED DATE December 2, 2004 | PRIORITY DATE | APPLICANT A98 686 643 MA, JIANGHUA |
| NOTICE DATE December 7, 2004 | PAGE 1 of 1 | |

| | |
|---|---|
| CONRAD YIN LAW OFFICES OF CONRAD X YIN 18000 STUDEBAKER ROAD SUITE 700 CERRITOS CA 90703 | **Notice Type:** Receipt Notice<br><br>Amount received: $ 385.00<br><br>Section: Derivative adjustment |

**Receipt notice** - If any of the above information is incorrect, call customer service immediately.

**Processing time** - Processing times vary by kind of case.
- You can check our current processing time for this kind of case on our website at uscis.gov.
- On our website you can also sign up to get free e-mail updates as we complete key processing steps on this case.
- Most of the time your case is pending the processing status will not change because we will be working on others filed earlier.
- We will notify you by mail when we make a decision on this case, or if we need something from you. If you move while this case is pending, call customer service when you move.
- Processing times can change. If you don't get a decision or update from us within our current processing time, check our website or call for an update.

If you have questions, check our website or call customer service. Please save this notice, and have it with you if you contact us about this case.

**Notice to all customers with a pending I-130 petition** - USCIS is now processing Form I-130, Petition for Alien Relative, as a visa number becomes available. Filing and approval of an I-130 relative petition is only the first step in helping a relative immigrate to the United States. Eligible family members must wait until there is a visa number available before they can apply for an immigrant visa or adjustment of status to a lawful permanent resident. This process will allow USCIS to concentrate resources first on cases where visas are actually available. This process should not delay the ability of one's relative to apply for an immigrant visa or adjustment of status. Refer to **www.state.gov/travel** <http://www.state.gov/travel> to determine current visa availability dates. For more information, please visit our website at www.uscis.gov or contact us at 1-800-375-5283.

Always remember to call customer service if you move while your case is pending. If you have a pending I-130 relative petition, also call customer service if you should decide to withdraw your petition or if you become a U.S. citizen.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone:** (800) 375-5283



**EXHIBIT B**

**USCIS Approval notice of I-140 for an immigrant visa petition**

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797, Notice of Action**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | CASE TYPE I140 |
| --- | --- |
| EAC-05-021-51799 | IMMIGRANT PETITION FOR ALIEN WORKER |

| RECEIPT DATE | PRIORITY DATE | PETITIONER |
| --- | --- | --- |
| October 29, 2004 | October 28, 2004 | LIU, GUANGMING |

| NOTICE DATE | PAGE | BENEFICIARY |
| --- | --- | --- |
| March 8, 2005 | 1 of 1 | LIU, GUANGMING |

CONRAD YIN
LAW OFFICES OF CONRAD X YIN
18000 STUDEBAKER ROAD SUITE 700
CERRITOS CA 90703

**Notice Type:** Approval Notice
**Section:** Indiv w/Adv Deg or Exceptional
Ability in the National
Interest

The above petition has been approved. The petition indicates that the person for whom you are petitioning is in the United States and will apply for adjustment of status. He or she should contact the local INS office to obtain Form I-485, Application for Permanent Residence. A copy of this notice should be submitted with the application, with appropriate fee, to this Service Center. Additional information about eligibility for adjustment of status may be obtained from the local INS office serving the area where he or she lives, or by calling 1-800-375-5283.

If the person for whom you are petitioning decides to apply for a visa outside the United States based on this petition, the petitioner should file Form I-824, Application for Action on an Approved Application or Petition, with this office to request that we send the petition to the Department of State National Visa Center (NVC).

The NVC processes all approved immigrant visa petitions that require consular action. The NVC also determines which consular post is the appropriate consulate to complete visa processing. It will then forward the approved petition to that consulate.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



**EXHIBIT C**

**USCIS Vermont Service Center Processing dates
posted on September 19, 2006**

U. S. Citizenship and Immigration Services

Print This Page | Back |

## U.S. Citizenship and Immigration Services
## Vermont Service Center Processing Dates
## Posted September 19, 2006

**Notice**:  U.S. Citizenship and Immigration Services (USCIS) has improved the reporting procedure for processing times of immigration benefit applications.  In the past, USCIS benefit processing reports indicated the specific type of applications or petitions that were being processed and the date the cases were received.  However, the date the case was received did not provide a clear indication of when USCIS expected to complete the case, nor did it provide a clear indication of USCIS' commitment to process cases within a certain cycle time.  It also did not align with the processing times and cycle times the agency reports in other contexts.

This improved reporting procedure is an effort to give our customers more accurate information that better reflects current processing time and USCIS service level commitments.  Effective immediately, when we are completing applications and petitions within our service level goals we will report that as the processing time.  For example, when our service level goal is to process a particular kind of case within six months, and if our processing time is six months or less, we will show a date consistent with our service level goal because that reflects our commitment.

When we are not meeting our service level goal, the date posted will reflect the filing date of cases that are being completed.  It should be noted that while in some instances reported processing dates may appear to have regressed due to this change, they do not reflect a lengthening of USCIS processing times, but simply the change in reporting.  Our goal is to provide accurate projections and thus give customers clear expectations as to what they can expect as a processing time.

There are several important exceptions to the processing times shown below:

- Case processing will be delayed if we must ask you for more evidence or information. If we ask for missing required initial evidence, count the processing time from when we receive that missing evidence.
- The case processing timeframe will start over if a customer doesn't appear for an interview or asks that it be rescheduled.

### What if I have a problem or have questions about a case?

We offer a variety of services after you file.  For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our fact sheet –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

One additional point about these projections.  They are the time to complete processing and mail the actual notice and/or document.  If you check case status online and see that your case has been

approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us. That is because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

Service Center Processing Dates for **Vermont** Posted September 19, 2006

| | | | |
|---|---|---|---|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | March 20, 2006 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | February 27, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | April 30, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | April 30, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | May 28, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | September 04, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | August 20, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | July 06, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | August 20, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | May 14, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | July 02, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | July 02, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | April 02, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | April 02, 2006 |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | April 07, 2006 |
| I-129F | Petition for Alien Fiance(e) | K-1/K-2 - Not yet married - fiance and/or dependent child | March 20, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a spouse, parent, or child under 21 | February 05, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for an unmarried son or daughter over 21 | February 19, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a married son or daughter over 21 | January 22, 2006 |
| I-130 | Petition for Alien Relative | U.S. citizen filing for a brother or sister | September 30, 2000 |
| I-130 | Petition for Alien Relative | Permanent resident filling for a spouse or child under 21 | October 22, 2005 |
| I-130 | Petition for Alien Relative | Permanent resident filling for an unmarried son or daughter over 21 | February 12, 2006 |
| I-131 | Application for Travel Document | All other applicants for advance parole | June 19, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | March 20, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | March 20, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | March 20, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | March 20, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | March 20, 2006 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | March 20, 2006 |

| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | March 20, 2006 |
|---|---|---|---|
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | March 20, 2006 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | June 30, 2005 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | Violence Against Women Act (VAWA) | January 30, 2006 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | February 26, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | June 21, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | June 04, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | June 04, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | June 04, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | June 04, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | June 04, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | June 04, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | June 04, 2006 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | June 04, 2006 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | March 20, 2006 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | March 20, 2006 |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | July 03, 2006 |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | August 21, 2006 |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | July 03, 2006 |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | July 03, 2006 |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | July 03, 2006 |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | July 03, 2006 |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | April 11, 2005 |
| I-821 | Application for Temporary Protected Status | El Salvador initial or late filing | March 20, 2006 |
| I-821 | Application for Temporary Protected Status | El Salvador extension | March 20, 2006 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua initial or late filing | March 20, 2006 |
| I-821 | Application for Temporary Protected Status | Honduras and Nicaragua extension | March 20, 2006 |

**EXHIBIT D**

**Visa Bulletin for September 2006 from U.S. Department of State**

# Visa Bulletin

*Number 97*
*Volume VIII*
*Washington, D.C.*

## VISA BULLETIN FOR SEPTEMBER 2006

A. STATUTORY NUMBERS

1. This bulletin summarizes the availability of immigrant numbers during September. Consular officers are required to report to the Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship and Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Allocations were made, to the extent possible under the numerical limitations, for the demand received by August 10th in the chronological order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, the category or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubscribed category is the priority date of the first applicant who could not be reached within the numerical limits. Only applicants who have a priority date earlier than the cut-off date may be allotted a number. Immediately that it becomes necessary during the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored only if the priority date falls within the new cut-off date.

2. The fiscal year 2006 limit for Family-sponsored preference immigrants determined in accordance with Section 201 of the Immigration and Nationality Act (INA) is 226,000. The fiscal year 2006 limit for Employment-based preference immigrants calculated under INA 201 is 143,949. Section 202 prescribes that the per-country limit for preference immigrants is set at 7% of the total annual family-sponsored and employment-based preference limits, i.e., 25,896 for FY-2006. The dependent area limit is set at 2%, or 7,399.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

FAMILY-SPONSORED PREFERENCES

First: Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

Second: Spouses and Children, and Unmarried Sons and Daughters of Permanent Residents: 114,200, plus the number (if any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers:

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the per-country limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

Third: Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second preferences.

Fourth:  Brothers and Sisters of Adult Citizens:  65,000, plus any numbers not required by first three preferences.

## EMPLOYMENT-BASED PREFERENCES

First:    Priority Workers:  28.6% of the worldwide employment-based preference level, plus any numbers not required for fourth and fifth preferences.

Second:  Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability:  28.6% of the worldwide employment-based preference level, plus any numbers not required by first preference.

Third:  Skilled Workers, Professionals, and Other Workers:  28.6% of the worldwide level, plus any numbers not required by first and second preferences, not more than 10,000 of which to "Other Workers".

Schedule A Workers: Employment First, Second, and Third preference Schedule A applicants are entitled to up to 50,000 "recaptured" numbers.

Fourth:  Certain Special Immigrants:  7.1% of the worldwide level.

Fifth:  Employment Creation:  7.1% of the worldwide level, not less than 3,000 of which reserved for investors in a targeted rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-395.

4.   INA Section 203(e) provides that family-sponsored and employment-based preference visas be issued to eligible immigrants in the order in which a petition in behalf of each has been filed.   Section 203(d) provides that spouses and children of preference immigrants are entitled to the same status, and the same order of consideration, if accompanying or following to join the principal.   The visa prorating provisions of Section 202(e) apply to allocations for a foreign state or dependent area when visa demand exceeds the per-country limit.   These provisions apply at present to the following oversubscribed chargeability areas:   CHINA-mainland born, INDIA, MEXICO, and PHILIPPINES.

5.   On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are available for all qualified applicants; and "U" means unavailable, i.e., no numbers are available.   (NOTE:  Numbers are available only for applicants whose priority date is earlier than the cut-off date listed below.)

| Fam-ily | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXI-CO | PHILIPP-INES |
|---------|------|------|------|------|------|
| 1st | 01JAN98 | 01JAN98 | 01JAN98 | 15JUL92 | 22OCT91 |
| 2A | 22SEP99 | 22SEP99 | 22SEP99 | 22SEP99 | 22SEP99 |
| 2B | 01DEC96 | 01DEC96 | 01DEC96 | 01DEC91 | 01JAN94 |
| 3rd | 01OCT98 | 01OCT98 | 01OCT98 | 15JUN88 | 01DEC85 |
| 4th | 01AUG95 | 01OCT94 | 01JUL95 | 01JAN93 | 15FEB84 |

*NOTE:  For September, 2A numbers EXEMPT from per-country limit are available to applicants from all countries with priority dates earlier than 22SEP99.   2A

numbers SUBJECT to per-country limit are "Unavailable".

| | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIP-PINES |
|---|---|---|---|---|---|
| Employ-ment-Based | | | | | |
| 1st | C | C | C | C | C |
| 2nd | C | 01MAR05 | U | C | C |
| 3rd | 01MAR02 | 01MAR02 | 15APR01 | 22APR01 | 01MAR02 |
| Schedule A Workers | C | C | C | C | C |
| Other Workers | U | U | U | U | U |
| 4th | C | C | C | C | C |
| Certain Religious Workers | C | C | C | C | C |
| 5th | C | C | C | C | C |
| Targeted Employ-ment Areas/ Regional Centers | C | C | C | C | C |

The Department of State has available a recorded message with visa availability information which can be heard at:  (area code 202) 663-1541.  This recording will be updated in the middle of each month with information on cut-off dates for the following month.

Employment Third Preference Other Workers Category:  Section 203(e) of the NACARA, as amended by Section 1(e) of Pub. L. 105-139, provides that once the Employment Third Preference Other Worker (EW) cut-off date has reached the priority date of the latest EW petition approved prior to November 19, 1997, the 10,000 EW numbers available for a fiscal year are to be reduced by up to 5,000 annually beginning in the following fiscal year.  This reduction is to be made for as long as necessary to offset adjustments under the NACARA program.  Since the EW cut-off date reached November 19, 1997 during Fiscal Year 2001, the reduction in the EW annual limit to 5,000 began in Fiscal Year 2002.

## B.  DIVERSITY IMMIGRANT (DV) CATEGORY

Section 203(c) of the Immigration and Nationality Act provides a maximum of up to 55,000 immigrant visas each fiscal year to permit immigration opportunities for persons from countries other than the principal sources of current immigration to the United States.  The Nicaraguan and Central American Relief Act (NACARA)

**EXHIBIT E**

**Email sent to FBI regarding name check inquires**

Date:          Mon, 13 Feb 2006 13:38:25 -0800 (PST)
From:          "guangming liu" <gmliu2@yahoo.com>
Subject:       Request for Expediting name Check
To:            **fbinncp@ic.fbi.gov**

Dear Officer,
I just wanted to bring it to your attention that my
name check is still pending in your office. The
processing date of I-485 application (12/30/2004) in
Vermont Service Center has passed my I-485 notice date
(12/7/2004). If possible, could you please help us to
check the current status of our name check? A speedy
processing of my name check would be greatly
appreciated.

My personal information is:
My name: Guangming Liu,
Date of birth:
A# 098-686-644
I485 receipt # EAC-05-046-52275
Email: gmliu2@yahoo.com

My wife name: Jianghua Ma
Date of birth:
A# 098-686-643
I485 receipt # EAC-05-046-52282
Email: gmliu2@yahoo.com

Many thanks for you kind help!
Sincerely,
Guangming Liu

---

Do You Yahoo!?
Tired of spam?  Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

**EXHIBIT F**

**Response of USCIS Letter regarding case status inquiries**

**U.S. Department of Homeland Security**
Vermont Service Center
75 Lower Welden Street
St. Albans, VT
05479-0001



**U.S. Citizenship
and Immigration
Services**

Saturday, April 8, 2006

GUANGMING LIU
897 MARROWS RD APT G6
NEWARK DE 19713

Dear GUANGMING LIU:

On 03/01/2006 you, or the designated representative shown below, contacted us about your case. Some of the key information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | The applicant |
| **Attorney Name:** | Information not available |
| **Case type:** | I485 |
| **Filing date:** | 12/02/2004 |
| **Receipt #:** | EAC-05-046-52275 |
| **Beneficiary (if you filed for someone else):** | LIU, GUANGMING |
| **Your USCIS Account Number (A-number):** | A098686644 |
| **Type of service requested:** | Case Status - Outside Processing Time |
| | Change of Address |

The status of this service request is:

The following information is for A98686644 & A98686643:

The address change has been applied to your application/petition on March 14, 2006.

The processing of your petition/application has been delayed. All petitions/applications received by this Service are required to have routine security checks that are resulting in delays of the adjudication of petitions/applications. We can give no definite indication of when they will be completed. We apologize for the delay.

EAC0608250764 (I-129):

The Privacy Act, 5 USC Sec. 552a, and VSC policy prohibits release of information to someone other than the affected party. The affected party is typically the petitioner, applicant or attorney of record. Disclosures of processing times and general procedures relating to certain form types do not fall under the Privacy Act. However, information given to someone other than the affected party, such as the beneficiary, which relates to the specific processing or adjudication of a particular petition/application is prohibited by the Privacy Act and Service policy.

In addition, only the petitioner or applicant may request a change of address or other changes be made to the record. We cannot process changes requested by the beneficiary or a third party.

U.S. CIS - 04-08-2006 01:05 PM EDT - EAC-05-046-52275

**EXHIBIT G**

**Letters from Congressman Michael N. Castle regarding case status**

**Date:** Thu 27 Jul 16:39:01 EDT 2006
**From:** "DuPont, Jake" <Jake.DuPont@mail.house.gov> **Add To Address Book** | **This is Spam**
**Subject:** Response from DHS
**To:** "'gmliu@udel.edu'" <gmliu@UDel.Edu>


Mr. Liu-

   I received a response from the congressional liaison of the Regional Office of Homeland Security in Philadelphia regarding the status of the I-485 applications submitted by you and your wife.  In their response they indicated that both applications are still pending the security checks.  Until these are complete, US Citizenship and Immigration Services cannot continue with processing the applications, nor can they inquire as to the status of the security checks because they are handled independently by the security agencies.  Unfortunately, there is no time frame for how long these security checks could take.  The fact that they are still pending should not be understood as there being something wrong.  It often takes a long time for these checks to be completed, especially if you are immigrating from a country as large as the People's Republic of China.  As I originally stated in our previous telephone conversation, it is a policy of our office not to ask the security agencies to expedite these checks, nor can we inquire as to their status or progress.  I regret that I could not give you a more detailed response.  Please do not hesitate to respond back to this email if you have any further questions or concerns.

Best Regards,
**Jake duPont**

**Office of Congressman Michael N. Castle**
**201 N. Walnut St., Ste. 107**
**Wilmington, DE 19801**
**Telephone: 302.428.1902**
**Fax: 302.428.1950**

**EXHIBIT H**

**Correspondence with Senator Thomas R. Carper
regarding pending security checks**

THOMAS R. CARPER
DELAWARE

# United States Senate

WASHINGTON, DC 20510–0803

August 8, 2006

Mr. Guangming Liu
897 Marrows Road
Newark, Delaware  19713

Dear Mr. Liu:

Thank you for contacting me to request the status of a petition submitted to the U.S. Citizenship and Immigration Services (CIS).  I understand that your petition is pending name and background clearance by the Federal Bureau of Investigation (FBI).

I have asked Ms. Marjorie Biles, a member of my staff, to contact the CIS on your behalf. The CIS informed Ms. Biles that the agency cannot finalize your case until FBI clearance has been completed.  Unfortunately, a timeframe for completion of this process is unavailable.

While this may not be the answer you were seeking, I hope you found my staff helpful and efficient. Again, thank you.

Sincerely,

Thomas R. Carper
United States Senator

**EXHIBIT I**

**Response of Mr. David Hardy, FBI to FOIPA request**



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 12, 2006

MR GUANGMING LIU
APARTMENT G-6
897 MARROWS ROAD
NEWARK, DE 19713

Request No.: 1055545- 000
Subject: LIU, GUANGMING

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 14, 2006

MS JIANGHUA MA
APARTMENT G-6
897 MARROWS ROAD
NEWARK, DE 19713

Request No.: 1055564- 000
Subject: MA, JIANGHUA

Dear Requester:

This is in response to your Freedom of Information-Privacy Acts (FOIPA) request noted above.

To promptly respond to requests, we concentrate on identifying main files in the central records system at FBI Headquarters. No records responsive to your FOIPA request were located by a search of the automated indices.

You may file an administrative appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

Enclosure

06-589

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Liu, Guangming
Ma, Jianghua

## DEFENDANTS

Michael Chertoff, Secretary of the Department of Homeland Security
Emilio Gonzalez, Director of U.S. Citizenship and Immigration Services
Paul Novak, Director of Vermont Service Center, USCIS
Robert S. Muller, Director of Federal Bureau of Investigation
Alberto Gonzales, Attorney General of the U.S. Department of Justice
Colm F. Connolly, United States Attorney for the District of Delaware

**(b)** County of Residence of First Listed Plaintiff    New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pro Se    897 Marrows Rd. Apt. G-6
Newark, DE 19713  Tel. 302-266-0453

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☒ 2 | U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1361, 5 USC 551

Brief description of cause:
Mandamus action to compel USCIS to adjudicate the plaintiffs' application of adjustment of status

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  09/21/06

SIGNATURE OF ATTORNEY OF RECORD
Guangming M , Jianghua Ma

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 5 8 9 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 6 _____ COPIES OF AO FORM 85.

_____ SEP 2 2 2006 _____      Guang N'y 3 Jianghua Ma

(Date forms issued)       (Signature of Party or their Representative)

Guangning Liu 3 Jianghua Ma

(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

OFFICE OF THE CLERK
## UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:    C.A.# ___0 6 - 5 8 9_____

CASE CAPTION: ___Liu, et al_____ v. _Michael Chertoff, et al_

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

       I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal Rules of Civil Procedure, and understand that it is my responsibility to make service of process on defendants in accordance with this rule.

Date Received _____SEP 2 2 2006_____    Signed: _____
by Plaintiff:                                                      Pro Se Plaintiff

Date Received _____SEP 2 2 2006_____    Signed: _____
by Clerk's office:                                               Deputy Clerk

Note:  If you received Federal Rule 4 by mail, please sign this receipt and return it to:

    Clerk
    U.S. District Court
    844 N. King Street
    Lockbox 18
    Wilmington, DE 19801

If applicable, Rule 4 mailed to plaintiff:

_____
Date mailed

_____
By Deputy Clerk

cc:  Docketing Clerk

wp\forms\rule4receipt 2-04